Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00168-CR 

                                                    __________

 

                                  LUPE
ROCHA ROJAS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

 

                                                           Haskell
County, Texas

 

                                                       Trial
Court Cause No. 5967

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from a judgment adjudicating appellant’s guilt.  Appellant
originally pleaded guilty to the offense of burglary of a habitation.  Pursuant
to a plea bargain, the trial court deferred the adjudication of appellant’s
guilt and placed him on community supervision.  The State subsequently filed a
motion to adjudicate.  The trial court revoked appellant’s
deferred-adjudication community supervision, convicted appellant of the offense
of burglary of a habitation, and assessed punishment at confinement for twenty
years.  We affirm.  

            In
his sole issue on appeal, appellant argues that the evidence is insufficient to
show that he committed the offense of burglary of a habitation on the date
alleged in the indictment.  The indictment, which was presented in April 2004,
alleged the offense was committed on November 28, 2003.  The date
indicated in the stipulation of evidence was November 28, 2004, rather than
2003.  The original order deferring the adjudication of appellant’s guilt shows
that appellant pleaded guilty and that the date of the offense was November
2003, as alleged in the indictment.[1]

            In
an appeal from a judgment adjudicating guilt, an attack on the original plea of
guilty and judgment deferring the adjudication of guilt is prohibited unless
the judgment is void.  Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim.
App. 2001).  Neither the trial court’s order deferring the adjudication of
guilt nor the subsequent judgment adjudicating appellant’s guilt in this case
is void.  See id. at 668 n.14.  Appellant’s issue is overruled.  

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that this case was submitted on the clerk’s
record alone due to appellant’s fault – failing to designate or make
arrangements to pay for the reporter’s record – and that appellant was given an
opportunity to cure but failed to do so.  See Tex. R. App. P. 37.3.